## DAVIS v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. December 8, 1896.)

CUSTOMS DUTIES—COLLECTIONS OF ANTIQUITIES.

Antique articles, purchased in separate places, in the course of a trip to Europe, and imported each by itself, without having been assembled together, cannot be entered free as a "collection of antiquities," under paragraph 524 of the act of 1890. 72 Fed. 49, affirmed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was an application by Theodore M. Davis for a review of a decision of the board of general appraisers sustaining the action of the collector of the port of New York in assessing duty upon certain articles which the importer claimed to be free of duty as a collection of antiquities. The circuit court affirmed the decision of the board (72 Fed. 49), and the importer appealed.

David B. Ogden, for appellant.

Henry C. Platt, Asst. U. S. Atty., for the United States.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. In the spring and summer of 1893, Mr. Theodore M. Davis of Newport, who had been making, for his own use, a collection of antiquities of various kinds for 12 or 15 years, was traveling in Europe, partly or wholly for the purpose of looking at works of art, and seeing if there was anything which he desired to add to his collection. He purchased in Florence a piece of tapestry from one collector and a painting from another. In London, he bought, by correspondence, a picture which was then in Bergamo, Italy, and he also bought two other pictures from different dealers. Each of these works of art was produced before 1700, and was purchased to be added to that department in the collection to which it belonged. They were never assembled anywhere, but each came in a separate vessel, and the five articles reached New York in June, July, and August, 1893. Against the collector's assessment of duties, the owner protested, upon the ground that each was free of duty by

virtue of paragraph 524 of the free list of the tariff act of October 1, 1890, which is as follows:

"Cabinets of old coins and medals, and other collections of antiquities. But the term 'antiquities,' as used in the act, shall include only such articles as are suitable for souvenirs or cabinet collections, and which shall have been produced at any period prior to the year seventeen hundred."

The board of general appraisers sustained the collector, and the circuit court affirmed the decision of the board.

The construction of the paragraph in question was considered by this court in the three cases of Glaenzer, Stern, and Marquand, which are reported in 5 C. C. A. 225, 55 Fed. 642. The result of the three decisions was to emphasize the conclusion that the statutory exemption from duty of articles of antiquity existed only in the case of a collection which was such at the time of the importation, and that exemption was not permitted to a single article which was to become a part of a collection. The mere purchase of articles of antiquity singly, at separate times, is insufficient to constitute them a collection, if they have not been brought together anywhere, because the paragraph is based upon the idea of an assemblage; and, while congress could have exempted articles of antiquity which were to become collections, it has refrained from doing so. In the present case, the articles were separately purchased, were shipped separately, and came into this country one by one. Each article stands in the same position that the statuette in the Marquand Case occupied; while, on the other hand, no article is within the Stern Case, in which we construed the term "collection" with liberality. The decision of the circuit court is affirmed.